**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER ARAGON,

　　　　　Petitioner-Appellant,

v.

MARK BROADDUS and JOHN
SUTHERS, Colorado State Attorney
General,

　　　　　Respondents-Appellees.

No. 07-1224

District of Colorado

(D.C. No. 07-CV-00664-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Christopher Aragon, a state prisoner proceeding *pro se*, seeks a certificate

of appealability (COA) that would allow him to appeal from the district court's

order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C.

§ 2253(c)(1)(A). Because we conclude that Mr. Aragon has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

Mr. Aragon was convicted of first degree murder and related charges in

May 2003, pursuant to a guilty plea. He did not appeal, but over a year later, on

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

February 8, 2005, he filed a motion in state court for post-conviction relief, which was denied on March 2, 2005. According to Mr. Aragon's complaint, he filed a timely notice of appeal but the Colorado Court of Appeals dismissed the appeal as untimely. Mr. Aragon filed an application for habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254, arguing that the state appellate court's dismissal of his appeal was erroneous and a violation of his due process rights. The federal district court denied his habeas application on the ground that the constitutionality of state post-conviction procedures may not be challenged on federal habeas.

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The district court was unquestionably correct that the constitutionality of state post-conviction procedures may not be challenged in a federal habeas action. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). The habeas writ

provides a basis for challenging the legality of a prisoner's confinement, which rests on his initial conviction. A state is not constitutionally required to provide post-conviction process, *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987), and even if such process were defective, the defect would not impugn the prisoner's conviction or the legality of his confinement.

Accordingly, we **DENY** Mr. Aragon's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge